# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

LINDA LACEY,

      Plaintiff,

      v.                              Case No. 08-C-777

DAVID TARR, CO KOONTZ, CAPTAIN GEHRKE,
CAPTAIN HESCHKE, and BARBARA HOCH,

      Defendants.

---

ORDER GRANTING DEFENDANTS' MOTION TO COMPEL (DOC. #45), DENYING
PLAINTIFF'S REQUEST TO PUT CASE ON HOLD (DOC. #49), DENYING
DEFENDANTS' MOTION TO DISMISS (DOC. #50), GRANTING DEFENDANTS'
MOTION FOR EXTENSION OF TIME (DOC. #56), AND DENYING PLAINTIFF'S
MOTION FOR DISCOVERY (DOC. #61)

      The defendants have filed a motion to compel plaintiff to sign authorization

for release of medical information. They contend that the plaintiff is required to permit

defendants' counsel to have access to her medical records to determine the nature of

plaintiff's alleged injuries from the alleged inmate attack at issue in this case, the extent of

such injuries, any other known causes for the injuries, the extent of preexisting conditions,

and treatment plaintiff received after the attack. Continuing, the defendants maintain that

it is necessary to evaluate the plaintiff's allegations by examining her medical records

which are in possession of the Wisconsin Department of Corrections at Taycheedah

Correctional Institution.

      According to the defendants, the plaintiff's only stated objection to producing

the medical records has been that she considers them to contain falsehoods and to be

unreliable. (*See*, Docket 29 and Docket 34.) However, as defense counsel explained

correctly in correspondence to the plaintiff, (Affidavit of Monica Burkert-Brist in Support of Motion to Compel, Exh. E), this argument goes to the weight of the medical record evidence, not its potential relevance in this case. The plaintiff has not responded to the defendants' motion to compel.

In general, parties may obtain discovery regarding any matter which is relevant, pursuant to Federal Rule of Civil Procedure 26(b)(1). The court may, on its own initiative, limit discovery where the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the importance of the proposed discovery in resolving the issues before the court. Fed. R. Civ. P. 26(b)(2). Additionally, any motion to compel discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a); *see also* Civil L.R. 37 (E.D. Wis.).

In this case, the plaintiff is proceeding on an Eighth Amendment claim based on allegations regarding her initial placement in a cell with an assaulting inmate, the events immediately following the claimed assault, and the placement of the assaulting cellmate on the same tier as the plaintiff following the assault. The plaintiff claims that she suffered severe back injuries as a result of the claimed assault and is seeking compensatory damages for her alleged injuries. Hence, the plaintiff's medical records are highly relevant to her claim. The plaintiff will be directed to sign the authorization for release of her medical information to the defendants to enable them to conduct discovery in this case. However, if she chooses not to sign it she will be in contempt of court and subject to

2

dismissal of her case. Otherwise, the defendants will be unable to defend against the plaintiff's claims.

On November 18, 2009, the plaintiff filed a request to put this case "on hold" because she is being denied sufficient law library time. Earlier, on November 23, 2009, the defendants filed a motion to dismiss citing the plaintiff's failure to sign a medical authorization form, failure to respond to their motion to compel, and the plaintiff's request to put this case on old indefinitely.

In response to the defendants' motion to dismiss, the plaintiff asserts that dismissal of this case without prejudice will result in a financial hardship. Also, she renews her request to put this case on hold until she can find an attorney. Moreover, the plaintiff asserts that the defendants are retaliating against her for filing this lawsuit inasmuch as she was moved from a unit where she could use the law library five days a week, two hours a day, to a unit with no printer or word processor and it is next to impossible to complete the documents needed to work on her case in a timely fashion.

Based on the plaintiff's recent filings, it appears that she has the ability to devote more time to litigate this case. For example, recently the plaintiff filed a discovery motion and an objection to the defendants' response to her discovery request. These filings reveal that she is capable of litigating on her own at this stage as her claim is not overly complex.

On February 5, 2010, the defendants filed a motion for an extension of time to file summary judgment pending resolution of their motion to compel and motion to dismiss. Under the current Scheduling Order, the deadline for filing dispositive motions

3

was February 9, 2010, however it is clear that to date, the defendants have not received discovery materials that they believe they need to proceed.

On February 12, 2010, the plaintiff filed "Motion demand for discovery" in which she seeks certain pages from log books kept in the files at Taycheedah Correctional Institution. Such discovery requests should be directed to the defendants, not the court. If the defendants do not respond to a discovery request as required, the plaintiff should communicate with the defendants and attempt to resolve any discovery disputes without involvement of the court. If this is unsuccessful, then the plaintiff may file a motion to compel discovery with the court. To date, the plaintiff has not followed this course of action. Now, therefore,

**IT IS ORDERED** that the defendants' motion to compel (Docket # 45) is **GRANTED**. **The plaintiff shall within ten days of this order, sign and return to the defendants the requested medical authorization form. Failure to do so will constitute contempt of court and dismissal of this case.**

**IT IS FURTHER ORDERED** that the plaintiff's request to put this case on hold (Docket #49) is **DENIED**.

**IT IS FURTHER ORDERED** that the defendants' motion to dismiss (Docket #50) is **DENIED**.

**IT IS FURTHER ORDERED** that the defendants' motion for extension of time (Docket #56) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for discovery (Docket #61) is **DENIED as moot**.

4

**IT IS FURTHER ORDERED** that the deadline for completion of discovery is

**July 23, 2010**, and the deadline for filing dispositive motions is **August 23, 2010**.

Dated at Milwaukee, Wisconsin, this 26th day of March, 2010.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE