# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LINDA LACEY,

      Plaintiff,

      v.                                            Case No. 08-C-777

DAVID TARR, CO KOONTZ, CAPTAIN GEHRKE,
CAPTAIN HESCHKE, and BARBARA HOCH,

      Defendants.

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL (DOC. #74), DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DOC. #80), DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY (DOC. #89), DENYING PLAINTIFF'S MOTION FOR SANCTIONS (DOC. #89), GRANTING DEFENDANTS' MOTION TO QUASH SUBPOENA (DOC. #90), DENYING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS (DOC. #96), DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DOC. #97), DENYING PLAINTIFF'S MOTION FOR ORDER (DOC. #104), DENYING PLAINTIFF'S MOTION FOR ORDER (DOC. #107), AND DENYING PLAINTIFF'S MOTION FOR FINAL JUDGMENT (DOC. #108)

Plaintiff, a state prisoner seeking damages and injunctive relief regarding injuries she sustained during her incarceration, has filed several motions, most of which relate to discovery. Defendants have filed a motion to quash a subpoena. These motions are addressed below.[1]

## DISCOVERY-RELATED MOTIONS

Plaintiff has filed a motion to compel discovery (Docket No. 74), along with a brief entitled: "Plaintiff objection to defenses request to deny plaintiff's motion for discovery from 'officer' Michael Miller and unknown HSU nurse who responded to the

---

[1] Defendants' fully briefed motion for summary judgment for failure to exhaust administrative remedies will be resolved in a subsequent order.

emergency call on March 11, 2008" (Docket No. 75). Defendants' response provides a helpful summary of plaintiff's requests. They advise:

> Defense counsel understands that the plaintiff is currently seeking various types of records and medical information regarding her case: 1) medical information and records, 2) records related to the institution's investigation of the altercation with inmate Lee and discipline against Lee arising from the incident, and 3) investigatory records of the Fond du Lac police department.
>
> As for medical information, including information from the nurse on duty on the date of the incident, defendants had previously been unable to answer this request because of plaintiff's continued refusal to sign a release to allow access to her medical records. Plaintiff was directed to access her medical records to obtain this information directly from the institution, which she is able to do at any time regardless of pending litigation. As for investigative records and reports, defendants have previously provided plaintiff with redacted copies of the incident reports from the incident, the unit log books documenting events related to the incident, and the investigative records related to the institution's internal investigation of the incident. Counsel has previously objected to providing documents involving discipline of inmate Lee, because for reasons of security and privacy, inmates are not allowed to have copies of other inmates' disciplinary records. Finally, as for investigative records of the Fond du Lac police department, plaintiff has been repeatedly directed to make her inquiries of the proper records custodian for the police department because the defendants have no control over the records of local law enforcement agencies and undersigned does not represent them.
>
> The docket in this case demonstrates that the plaintiff has repeatedly, completely refused to comply with this court's local rules requiring an attempt to confer with the opposing parties prior to filing discovery motions with this court. Nor has she placed before this court any evidence that she has attempted and been refused access to documents, such as her medical records, that she can access without either the court's or opposing counsel's intervention. However, in a good faith effort to attempt to resolve repeated motions before this court and avoid wasting the court's time, counsel will obtain the

> information requested by plaintiff concerning the nurse who responded to the incident and provide any medical documentation regarding same within 14 days from this date. Also, counsel has recently received copies of subpoenas from plaintiff. Counsel will also evaluate and either provide the documents requested to plaintiff which are within defendants' custody and control or seek relief from this court regarding the subpoenas within 14 days from this date.

(Defs.' Resp. to Pl.'s Mots. Re. Dis. at 1-2.)

Plaintiff has since filed a motion to compel discovery and request for sanctions (Docket No. 89) which again seeks evidence from a March 11, 2008, disturbance between her and inmate Joyce Lee, including any conduct reports written against Lee. Defendants' response to this motion reiterates their thorough response to plaintiff's previous motion to compel, quoted above. Furthermore, defendants assert that, while they provided medical and investigative files to the plaintiff, they also have filed a motion for summary judgment for failure to exhaust administrative remedies, and the records the plaintiff seeks do not relate to the issue of exhaustion. Finally, in her reply brief, plaintiff indicates she has received all requested discovery, except the conduct reports from the files of inmate Joyce Lee.

Also on file is the defendants' motion to quash subpoena (Docket No. 90). According to defendants, plaintiff served defendant Tarr with a subpoena commanding him to produce all documentation in the state records pertaining to the March 11, 2008, assault and battery against her by inmate Joyce Lee. Plaintiff also commanded Tarr to produce all conduct reports and disciplinary records for inmate Joyce Lee from 2007 to the present. Defendants state that they provided plaintiff with the medical information requested, with unredacted copies of the disciplinary investigation conducted internally at Taycheedah

3

Correctional Institution (TCI) regarding the March 11, 2008, alleged assault and battery by inmate Lee on the plaintiff, as well as a copy of inmate Lee's conduct report file materials concerning the incident. However, for the reasons set forth in the Affidavit of David Tarr, TCI's Security Director, defendants move to quash the remaining portion of the subpoena relating to conduct report history and documents of Lee which do not involve the incident which is the subject of this lawsuit. Additionally, defendants contend that the court should not allow additional discovery on non-exhaustion issues because of defendants' pending motion for summary judgment on the basis of exhaustion.

Plaintiff has filed a motion (Docket No. 104), seeking sanctions against defendants for failing to comply with the subpoena by surrendering the conduct reports of Joyce Lee. Plaintiff subsequently filed an identical motion (Docket No. 107).

## **OTHER MOTIONS**

On July 13, 2010, plaintiff filed a motion for a two-month extension of time to the discovery and dispositive motion filing deadline because she does not have funds to make copies (Docket No. 80).

Plaintiff has filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) in which, in response to defendants' motion for summary judgment, she asserts that she did exhaust her administrative remedies (Docket No. 96).

Plaintiff has also filed a document titled, Plaintiff's Affidavit, Plaintiff's Motion for Summary Judgment of Defendant be Dismissed, which was docketed as a motion for summary judgment (Docket No. 97). By this motion, plaintiff requests that the court reject defendants' claim that her case be dismissed for failure to exhaust administrative remedies.

4

Plaintiff has filed Plaintiff's Motion for Final Judgment on Case with Prejudice pursuant to Federal Rule of Civil Procedure 12(c) (Docket No. 108). By this motion, plaintiff contends that the court should find in her favor on the merits of the case.

## **DISCUSSION**

In general, parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). Before filing a motion to compel discovery, a party must confer or attempt to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action. Fed. R. Civ. P. 37(a)(1). In this case, plaintiff acknowledges that, to date, defendants provided all requested discovery except the conduct reports of inmate Joyce Lee that are unrelated to the March 11, 2008, incident which forms the basis for this lawsuit. However, the court is unable to find a basis for concluding that such documents would be relevant. In addition, even if marginally relevant, Security Director Tarr avers, and the court agrees, that allowing plaintiff to view such documents could undermine the security of the institution. (*See* Tarr Aff. ¶¶ 5-9.) Finally, the procedural posture of this case precludes plaintiff from conducting additional discovery. As indicated, defendants' motion for summary judgment for failure to exhaust administrative remedies is fully briefed and therefore additional discovery unrelated to the issue of exhaustion may very well prove to be futile. In this regard, there is no need to extend the time to conduct additional discovery.

The court now turns to plaintiff's filings related to granting judgment in her favor. To the extent that these materials relate to the issue of exhaustion, the court may consider them in resolution of defendants' summary judgment motion. However, the filings on their own do not set forth reason to grant judgment in plaintiff's favor, on the merits or otherwise. Now, therefore,

**IT IS ORDERED** that plaintiff's motion to compel (Docket #74) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time (Docket #80) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel discovery (Docket #89) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for sanctions (Docket #89) is **DENIED**.

**IT IS FURTHER ORDERED** that defendants' motion to quash subpoena (Docket #90) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for judgment on the pleadings (Docket #96) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for summary judgment (Docket #97) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for order (Docket #104) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for order (Docket #107) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for final judgment (Docket #108) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 23rd day of December, 2010.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
Chief U.S. District Judge