# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LINDA LACEY,

      Plaintiff,

v.                                                   Case No. 08-cv-777

DAVID TARR, CO KOONTZ, CAPTAIN GEHRKE,
CAPTAIN HESCHKE, and BARBARA HOCH,

      Defendants.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DOC. #83) AND DISMISSING CASE WITHOUT PREJUDICE

Before the court is defendants' motion for summary judgment for failure to exhaust administrative remedies.

## I. STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *McNeal v. Macht*, 763 F. Supp. 1458, 1460-61 (E.D. Wis. 1991). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations,

stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

## II. FACTS[1]

The plaintiff, who is incarcerated at Taycheedah Correctional Institution (TCI), is proceeding on an Eighth Amendment claim regarding her placement in a cell with an assaulting cellmate, the events immediately following the alleged assault, and the subsequent placement of the assaulting cellmate on the same tier as the plaintiff.

The Wisconsin Department of Corrections (DOC) maintains an Inmate Complaint Review System (ICRS) in adult correctional facilities. The purpose of the ICRS is to afford inmates a process by which grievances may be raised expeditiously, investigated, and decided. Wis. Admin. Code § DOC 310.01. However, inmates must exhaust all administrative remedies that the DOC has promulgated by rule before commencing a civil action or special proceeding against an officer, employee, or agent of the DOC. Wis. Admin. Code § DOC 310.05.

An inmate begins the ICRS complaint process by filing an offender complaint with the inmate complaint examiner (ICE). Wis. Admin. Code § DOC 310.09. The ICE

---

[1] Facts are taken from Defendants' Proposed Findings of Facts.
2

reviews and investigates the offender complaint at the institution level and makes a recommendation on the complaint to the appropriate reviewing authority at the institution. Wis. Admin. Code § DOC 310.11. The appropriate reviewing authority makes a decision within ten days following receipt of the ICE's recommendation. Wis. Admin. Code § DOC 310.12(1). If an adverse decision on an offender complaint has been made by the appropriate reviewing authority, the inmate may appeal the institution level decision by filing a written request for review with the corrections complaint examiner (CCE). Wis. Admin. Code §§ DOC 310.07, 310.13. For an inmate to exhaust administrative remedies, she must appeal an adverse decision to the CCE, which results in a decision by the Office of the Secretary. *See* Wis. Admin. Code §§ DOC 310.07(7), 310.14.

Plaintiff filed one offender complaint, TCI-2008-10028, with the ICE related to this lawsuit. (*See* Gozinske[2] Aff. ¶ 14, Ex. B at 4.) The appropriate reviewing authority dismissed this offender complaint on April 17, 2008. (*See* Gozinkse Aff. ¶ 14, Ex. B at 3.) Plaintiff's Inmate Complaint History Report reveals that she did not file an appeal to the CCE following the dismissal of Offender Complaint TCI-2008-10028. (See Gozinkse Aff. ¶ 14, Ex. B at 3.)

### III. ANALYSIS

The Prison Litigation Reform Act (PLRA) provides in pertinent part:

[n]o action shall be brought with respect to prison conditions
under section 1983 of this title, or any other Federal law, by a
prisoner confined in any jail, prison, or other correctional facility

---

[2] Thomas Gozinske, not a defendant, is employed by the DOC as a CCE. In this capacity, he receives and investigates appeals made to the DOC Secretary regarding adverse decisions on offender complaints filed by inmates, and makes appropriate recommendations concerning the same.

> until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is a condition precedent to suit. *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002) (citing *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999)). Section 1997e applies to "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The PLRA requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines. *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006); *see also Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). However, prison officials may not take unfair advantage of the exhaustion requirement, and a remedy becomes "unavailable" if prison employees do not respond or otherwise use affirmative misconduct to prevent a prisoner from exhausting. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (citing *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004)).

Contrary to defendants' argument, plaintiff maintains that she filed an appeal to the CCE related to Offender Complaint TCI-2008-10028 and that she has exhausted her available administrative remedies. Attached to plaintiff's summary judgment response brief is a document purporting to be her appeal to the CCE. (Pl.'s Obj. to Defs.' Summ. J., Ex. AA.) In addition, plaintiff filed a document titled "Plaintiff's Affidavit" asserting that she filed her appeal to the CCE by placing the appeal in the institution mailbox. According to plaintiff, if the appeal did not arrive at the Office of the CCE, located in Madison,

4

Wisconsin, it was through no fault of her own. Additionally, plaintiff maintains that she has had problems with her mail at TCI.

In evaluating a motion for summary judgment, the court may consider as evidence affidavits and declarations. *See* Fed. R. Civ. P. 56(c)(1). However, "Plaintiff's Affidavit" is not sworn, nor is it verified under 28 U.S.C. § 1746. Hence, plaintiff's assertion in this document that she filed an appeal to the CCE is not admissible evidence and does not create a genuine issue of material fact. *See* Fed. R. Civ. P. 56(c)(4); *see also Markel v. Bd. of Regents of Univ. of Wis. Sys.*, 276 F.3d 906, 912 (7th Cir. 2002). The court may also consider as evidence properly authenticated and admissible documents or exhibits in evaluating a motion for summary judgment. *Scott v. Edinburg*, 346 F.3d 752, 760 n.7 (7th Cir. 2003); *Woods v. City of Chicago*, 234 F.3d 979, 988 (7th Cir. 2001). However, plaintiff's alleged CCE appeal, Exhibit AA, does not include an affidavit from the author or custodian of the document concerning its authenticity. Accordingly, the document is not admissible. *See Article II Gun Shop, Inc. v. Gonzales*, 441 F.3d 492, 496 (7th Cir. 2006); *Scott*, 346 F.3d at 760 n.7.

The undisputed facts reveal that plaintiff filed one offender complaint related to her claims in this case and that the offender complaint was dismissed. Prior to initiating this action, she was required to appeal the dismissal of her offender complaint to the CCE to exhaust administrative remedies. Wis. Admin. Code §§ DOC 310.07(7), 310.14. However, there is no admissible evidence that she filed an appeal to the CCE. Indeed, the affidavit of Wisconsin Department of Corrections Complaint Examiner Thomas J. Gozinske, indicates that a diligent search of the regularly conducted business records of

his office revealed that the plaintiff never appealed the dismissal of TCI-2008-10028, the subject offender complaint. Thus this court must conclude that she has not exhausted her administrative remedies as a prerequisite to proceeding in this action. *See Pozo*, 286 F.3d at 1025 ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require"). Consequently, this case may be dismissed without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004). Therefore,

**IT IS ORDERED** that defendants' motion for summary judgment for failure to exhaust administrative remedies (Docket #83) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.

Dated at Milwaukee, Wisconsin, this 11th day of January, 2011.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
Chief U.S. District Judge